AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.

Jose Socratos Victoria Albornoz,
Chiriani Anderson Sanchez,
Luis Alberto Quinonez Moreno

_____
_Defendant(s)_

)
)
)
)
)
)
)

Case No.

**8:24MJ1295AAS**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ Feburary 20, 2024, _____ in the county of _____ Hillsborough _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. § 70503(a),<br>46 U.S.C. § 70506(a) and (b) | Conspiracy to possess with intent to distribute one hundred (100) kilograms or more of marijuana while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute one hundred (100) kilograms or more of marijuana, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Juan Torres, Special Agent, USCGIS
_Printed name and title_

Sworn to before me over the telephone and
signed by me pursuant to Fed. R. Crim. P. 4.1 and 4f (d)(3).

Date: February 23, 2024

_____
_Judge's signature_

City and state: _____ Tampa, FL _____

AMANDA ARNOLD SANSONE, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Juan A Torres, being duly sworn, depose, and state:

### Introduction and Agent Background

1.     I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about February 20, 2024, while aboard a vessel subject to the jurisdiction of the United States, the defendants, JOSE SOCRATOS VICTORIA ALBORNOZ, CHIRIANI ANDERSON SANCHEZ and LUIS ALBERTO QUINONEZ MORENO did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(2)(G).

2.     I am a Special Agent with the Coast Guard Investigative Service ("CGIS") and have been employed by CGIS since 2013.  Since August of 2020, I have been assigned as a Special Agent to the Operation Panama Express Strike Force.  Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida.  Special Agents assigned to Operation

Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

3.    From 2017 through 2020, I was assigned to the U.S. Department of State, U.S. Embassy Panama, as member of the Coast Guard Support to Interdiction and Prosecution (CG-SIP) team where I assisted Panamanian law enforcement agencies and judicial entities to improve their prosecutorial imprint and maritime operation procedures. Prior to being assigned to the CG-SIP, I served from 2013 through 2017 as CGIS Special Agent at the Resident Agent Office in Baltimore, MD, where I conducted internal and external investigations for felony violations under the Uniform Code of Military Justice. From 2010 through 2013, I was assigned to the USCG International Training Division (ITD) where I traveled to 22+ countries around the globe providing training in maritime law enforcement. Prior to my assignment at ITD, I served from 2007 through 2010 at the USCG Tactical Law Enforcement Team South in Miami, FL where I deployed aboard U.S. and allied naval vessels to carry out Counter Narcotics Operations.

4.    The averments contained in this Affidavit are based on my personal knowledge and/or reliable information relayed to me by other law enforcement officers with whom I have worked on this investigation. However, because of the limited purpose of this Affidavit, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included

2

only those facts I believe are necessary to establish probable cause supporting the requested complaint.

### Probable Cause

5.      The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6.      On February 20, 2024, while on routine patrol in the Eastern Pacific, a marine patrol aircraft (MPA) detected an unknown Go-Fast Vessel (GFV), in international waters, approximately 68 nautical miles Southeast of Malpelo, Colombia. The USCGC HAMILTON was diverted to investigate the suspect GFV. The USCGC HAMILTON launched two small boats and a helicopter to investigate. After launching the small boats and helicopter, the helicopter observed crewmembers onboard the GFV begin to jettison packages from the GFV. The USCGC HAMILTON received a SNO for a Right of Visit boarding of the GFV, including use of force up to and including warning shots and disabling fire. The helicopter utilized disabling fire which was effective. The GFV came to a complete stop while the helicopter returned to the USCGC HAMILTON to refuel.

7.      The small boats with the Boarding Team intercepted the GFV without issue.  One small boat was diverted to recover the jettisoned packages. On board the GFV, the Boarding Team found numerous bales of suspected contraband.  The USCG Boarding Team identified the following crewmembers from the GFV: JOSE

SOCRATOS VICTORIA ALBORNOZ, CHIRIANI ANDERSON SANCHEZ and LUIS ALBERTO QUINONEZ MORENO.

8.      The vessel had no physical flag flying, no vessel documentation, no registration numbers, no homeport, no name, nor any other markings painted on the hull.  One crewmember identified himself as the Master or Person in Charge and asserted that the vessel had no nationality.  Therefore, the USCG assimilated the GFV as stateless and subject to the laws of the United States.

9.      The Boarding Team opened a bale of suspected contraband and conducted two tests of the substance utilizing narcotic identification test kits (NIK) which indicated the positive presence of marijuana. The Boarding Team conducted two tests of a package that was jettisoned using NIK tests which also indicated the positive presence of marijuana.

10.     The Boarding Team then seized numerous bales of marijuana weighing approximately 1,054 pounds and detained the three crew members.

4

## Conclusion

12.     Based upon the foregoing information, I respectively submit that
probable cause exists to believe that the following three defendants named herein,
JOSE SOCRATOS VICTORIA ALBORNOZ, CHIRIANI ANDERSON
SANCHEZ and LUIS ALBERTO QUINONEZ MORENO while aboard a vessel
subject to the jurisdiction of the United States, knowingly and willfully combined,
conspired, and agreed with each other and with other persons to distribute and
possess with the intent to distribute 100 kilograms or more of a mixture and
substance containing a detectable amount of marijuana, a Schedule I controlled
substance, in violation of Title 46, United States Code, Sections 70503(a) and
70506(a) and (b), and Title 21, United States Code, Section 960(b)(2)(G).

Juan A. Torres
Special Agent, CGIS

Affidavit submitted by email and attested to me as true and accurate by telephone
consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this __23__ day of
February, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge